## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

WALTER BROWN,

               Plaintiff,

       v.

CORRECTIONS OFFICER SCHWARTZ, et al.,

               Defendants.

CIVIL ACTION NO. 1:15-CV-01504

(KANE, J.)
(MEHALCHICK, M.J.)

### REPORT AND RECOMMENDATION

Pending before the Court is *pro se* Plaintiff Walter Brown's complaint seeking damages and declaratory relief under 42 U.S.C. §1983 against Corrections Officer Schwartz, Corrections Counselor Wenzel, and Lieutenant Schweyer. (Doc. 1). In his complaint, Brown alleges the above-captioned Defendants violated his constitutional rights under the Eighth Amendment to the United States Constitution by denying him access to his cell to use the restroom. For the reasons stated herein, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2).

### I.   BACKGROUND

This is a *pro se* civil action brought by Walter Brown, initiated upon the filing of a complaint in this matter on August 3, 2015. (Doc. 1). Brown is a Pennsylvania state prisoner currently incarcerated at the State Correctional Institution at Frackville. The alleged events giving rise to this complaint occurred on July 8, 2013, while Brown was detained at the Pike County Correctional Facility. Specifically, Brown alleges that officials repeatedly ignored his requests during the meal period to gain immediate access to his cell to use the toilet facilities

due to a "gastrointestinal problem," resulting in him defecating on himself while waiting beside his cell for an official to unlock his cell door. (Doc. 1, at 2). He challenges the institutional policy of locking all cells during meal periods and refusing to allow inmates to use the restroom facilities during meal time. (Doc. 1, at 4). Brown seeks declaratory relief and an award of damages for this alleged deprivation of his rights under the Eighth Amendment. (Doc. 1, at 4).

## II. SECTION 1915 STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. Appx. 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis. See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more

heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be

held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III. DISCUSSION

Brown brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

### A. STATUTE OF LIMITATIONS

It is well-settled that claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa. Cons.Stat. Ann. § 5524. Applying this standard to the

instant action, Brown commenced this action on August 3, 2015, and thus any claims stemming from events that occurred prior to August 3, 2013 would be barred by the applicable statute of limitations. As Brown's allegations arise from events that occurred on July 8, 2013, it is clear that the complaint in its entirety is subject to dismissal on statute of limitations grounds.[1] Accordingly, this Court recommends dismissal with prejudice of Brown's claims, as amendment would be futile.

## IV.   PLRA "THREE STRIKES" WARNING

The Plaintiff is hereby notified that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

> 28 U.S.C. § 1915(g).

If this recommended disposition is adopted by the presiding United States District Judge, the dismissal of this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 28 U.S.C. § 1915A(b)(1) will constitute a "strike" under 28 U.S.C. § 1915(g), and the

---

[1] Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when the defense is apparent on the face of the complaint. *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *see also Mumma v. High–Spec,* 400 F. App'x 629, 631 n. 1 (3d Cir. 2010); *Villanueva v. Lycoming Cnty. Prison Owner/Owners*, No. 3:13-CV-64, 2013 WL 572561, at *3 (M.D. Pa. Jan. 15, 2013) *report and recommendation adopted sub nom. Villanueva v. Lycoming Cnty. Prison Owners*, No. 3:13-CV-64, 2013 WL 572534 (M.D. Pa. Feb. 13, 2013) ("[W]hen conducting a screening review of a *pro se* complaint under 28 U.S.C. § 1915, a court may consider whether the complaint is barred under the applicable statute of limitations.").

accumulation of additional strikes may bar Plaintiff from proceeding *in forma pauperis* in later

cases absent a showing of imminent danger. *See generally Byrd v. Shannon*, 715 F.3d 117, 126 (3d

Cir. 2013) (articulating Third Circuit standard for application of § 1915(g) "three strikes" rule).

V.   RECOMMENDATION

    Based on the foregoing, it is recommended that:

1.   Plaintiff's complaint (Doc. 1),  be **DISMISSED with prejudice** pursuant to
28 U.S.C. § 1915(e)(2)(B)(i) and (ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C.
§ 1997e(c)(1) as legally frivolous and for failure to state a claim upon which
relief can be granted; and

2.   The Clerk be directed to **CLOSE** this case.

**BY THE COURT:**

**Dated: August 21, 2015**
                  *s/ Karoline Mehalchick*

                  **KAROLINE MEHALCHICK**
                  **United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

WALTER BROWN,

           Plaintiff,

    v.

CORRECTIONS OFFICER SCHWARTZ,
et al.,

           Defendants.

CIVIL ACTION NO. 1:15-CV-01504

(KANE, J.)
(MEHALCHICK, M.J.)

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 21, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: August 21, 2015**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**