IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER BROWN,       : | | |
|     Plaintiff         : | | |
|                   : | No. 1:15-cv-01504 | |
|     v.              : | | |
|                   : | (Judge Kane) | |
| CORRECTIONS OFFICER   : | | |
| SCHWARTZ, et al.,      : | (Magistrate Judge Mehalchick) | |
|     Defendants       : | | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is the Report and Recommendation of Magistrate Judge Mehalchick, in which she recommends that the Court dismiss Plaintiff Walter Brown's complaint. (Doc. No. 10.) Plaintiff filed objections to the Report and Recommendation on September 8, 2015. (Doc. No. 11.) Upon review of the complaint, the Report and Recommendation, and Plaintiff's objections thereto, the Court will adopt the Report and Recommendation in its entirety.[1]

This Section 1983 case originated while Plaintiff was incarcerated at the Pike County Correctional Facility in Lords Valley, Pennsylvania. (Doc. No. 1.) On July 8, 2013, while the inmates were eating lunch, Plaintiff requested immediate access to his cell to use the toilet. (Id. at 2.) Defendant Corrections Officer Schwartz allegedly ignored Plaintiff's requests and instructed Plaintiff to wait beside his cell for Defendant Schwartz to unlock the cell door. (See id.) Defendant Schwartz did not unlock the cell door, and Plaintiff defecated on himself while waiting as a result of a "gastrointestinal problem." (Id.)

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil Procedure, provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

1

After pursuing administrative remedies, Plaintiff brought a Section 1983 action against prison officials on June 3, 2015 in the United States District Court for the Eastern District of Pennsylvania.  Complaint, Brown v. Schwartz, No. 15-3120 (E.D. Pa. June 3, 2015).  On June 11, 2015, Judge McHugh of the Eastern District of Pennsylvania denied without prejudice Plaintiff's motion to proceed in forma pauperis because Plaintiff failed to file a certified copy of his prisoner account statement for the entire six-month period prior to the filing of the complaint.  Order, Brown v. Schwartz, No. 15-3120 (E.D. Pa. June 11, 2015).  Judge McHugh also noted in the June 11, 2015 order that venue was not proper in the Eastern District of Pennsylvania because the Pike County Correctional Facility is located in the Middle District of Pennsylvania.  See Order, Brown v. Schwartz, No. 15-3120 (E.D. Pa. June 11, 2015).  On August 3, 2015, Plaintiff re-filed this Section 1983 action in the Middle District of Pennsylvania based on the same facts and legal claims, alleging that Defendant Schwartz violated Plaintiff's Eighth Amendment rights by denying him access to his cell during the meal period.[2]  (Doc. No. 1 at 3.)

In her Report and Recommendation, Magistrate Judge Mehalchick recommends dismissal of Plaintiff's complaint as legally frivolous and for failure to state a claim upon which relief can be granted on statute of limitations grounds.  (Doc. No. 10 at 4-5.)  According to the Report and Recommendation, the statute of limitations expired on July 8, 2015 and Plaintiff did not file the present complaint until August 3, 2015.  (Id.)  Plaintiff objects on the grounds that he "filed the instant civil action" in the Eastern District of Pennsylvania on June 3, 2015, "well within the 2 years statute of limitations prescribed in 42 U.S.C. 1983 and Pa. C.S.A. sec. 5524." (See Doc. No. 11.)  The Court will overrule Plaintiff's objection.

---

[2] Plaintiff also challenges the prison policy of prohibiting inmates from using restroom facilities "under any circumstances while the meal is being served."  (Id. at 3-4.)

2

A complaint filed under 42 U.S.C. § 1983 is "characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). In Pennsylvania, the statute of limitations applicable to Section 1983 claims is two years. 42 Pa. Stat. § 5524; Cruz v. SCI-SMR Dietary Servs., 566 F. App'x 158, 160 (3d Cir. 2014). Here, as Magistrate Judge Mehalchick noted, Plaintiff's complaint is subject to dismissal on statute of limitations grounds because Plaintiff commenced the present action on August 3, 2015, more than two years after the July 8, 2013 events from which Plaintiff's allegations arise. Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) ("[S]ection 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based.").

Although Plaintiff's objection could be read to raise an equitable tolling argument, the situation here differs from a case where a litigant brings a timely action in a court with improper venue and is "time-barred merely because the limitation period expired while the action was in the improper court." Burnett v. New York Cent. R. Co., 380 U.S. 424, 434 (1965); see United States v. Foy, 803 F.3d 128, 136 n.7 (3d Cir. 2015); Sinclair v. Kleindienst, 711 F.2d 291, 293-94 (D.C. Cir. 1983) (citing 28 U.S.C. § 1406). When Judge McHugh denied Plaintiff's motion to proceed in forma pauperis on June 11, 2015 and dismissed Plaintiff's complaint, Plaintiff did not face a statute of limitations bar to bring suit in a court with proper venue. The statute of limitations did not run until July 8, 2015, but Plaintiff did not refile the complaint until August 3, 2015. See Island Insteel Sys., Inc. v. Waters, 296 F.3d 200, 217 (3d Cir. 2002) ("[I]n waiting nearly three months to refile a substantially similar complaint … plaintiffs may not have exercised sufficient diligence in prosecuting this action."). Thus, the Court concludes that

3

Plaintiff's complaint is time-barred and, therefore, will dismiss with prejudice Plaintiff's complaint for failure to state a claim upon which relief can be granted.

**ACCORDINGLY**, on this 23rd day of November 2015, **IT IS HEREBY ORDERED THAT** the Report and Recommendation of Magistrate Judge Mehalchick (Doc. No. 10) is **ADOPTED**, Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**, and the Clerk of Court is directed to **CLOSE** this case.

S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
